NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIATECH INC., <br><br>   Petitioner, <br><br> v. <br><br> DCS CORP., <br><br>   Respondent. | Civ. No. 14-4603 <br><br> OPINION |

THOMPSON, U.S.D.J.

**INTRODUCTION**

This matter is before the Court upon Viatech Inc.'s Motion to Partially Vacate an Arbitration Award (Docket No. 1), and DCS Corp.'s Cross-Motion to Confirm the same arbitration award. (Docket No. 13). The Court has decided the matter upon consideration of the parties' written submissions. For the reasons set forth below, the Court will deny Viatech Inc.'s motion to partially vacate the arbitration award, grant DCS Corp.'s cross-motion to confirm the arbitration award, and deny DCS Corp.'s request for attorneys' fees and costs incurred in its opposition to Viatech Inc.'s motion.

**BACKGROUND**

Viatech, Inc., ("Petitioner"), is a defense contractor that was awarded a prime contract by the U.S. Army Contracting Command (the "Government"). (Docket No. 9, Kravitz Decl. II, Ex. A at 2). In November of 2006, Petitioner entered into a contract ("Subcontract") with DCS Corp. ("Respondent") in support of the prime contract. (*Id.*). At some point during the performance of

the Subcontract, disagreements arose between Petitioner and Respondent regarding the management of the work assigned to Respondent under the Subcontract and Respondent's monthly invoices. (*Id.*). As part of these disagreements, Petitioner delayed or withheld payment of several invoices that Respondent had submitted for certain months' work it had performed under the Subcontract. (*Id.*). For four months in particular—October 2011, January 2012, February 2012, and March 2012—Petitioner refused to submit to the Government the invoices that Respondent had prepared because Petitioner believed that Respondent had mischarged items on those invoices. (*Id.* at 20-21).[1]

The parties were unable to resolve their disagreements, and on March 14, 2012, Petitioner filed its Demand for Arbitration and Statement of Claim. (*Id.* at 5). Petitioner's Demand for Arbitration and Statement of Claim alleged that Respondent had breached the Subcontract, and it sought, among other relief, attorneys' fees. (*Id.*). On June 25, 2012, Respondent filed its Counterclaims, in which it alleged that Petitioner had breached the Subcontract and sought the relief that Petitioner had sought, including attorneys' fees. (*See id.* at 5, 7-8). On September 4, 2012, Petitioner filed an Amended Arbitration Claim in which it again demanded attorneys' fees along with other claims for relief. (*Id.* at 8). The arbitration process took approximately two years, including extensive discovery and motion practice. (*Id.*) On September 6, 2013—after discovery concluded and nearly a year and a half since it had first filed for arbitration—Petitioner withdrew its claim for attorneys' fees. (*See id.* at 5, 28). After eight days of arbitration hearings, including testimony from a dozen witnesses, the presentation of approximately three hundred exhibits, and the submission of post-hearing briefs, the arbitrator denied each of Petitioner's claims and awarded

---

[1] Petitioner later submitted the October 2011 and March 2012 invoices to the Government and received payment for them. (Docket No. 9, Kravitz Decl. II, Ex. A at 20). Petitioner only submitted the January 2011 and February 2011 invoices to the Government after being ordered to do so by the award of the arbitrator. (Docket. No. 2, Pet'r's. Br. at 11).

Respondent some of the counterclaims it had asserted. (*Id*. at 8, 32-33). Petitioner now objects to the arbitrator's award to Respondent of $577,190.35 in attorneys' fees and expenses and approximately $69,000 in interest on the October 2011, January 2012, February 2012, and March 2012 invoices. (*See id.* at 33; Docket. No. 2, Pet'r's Br. at 4-5). Respondent cross-moves to confirm the arbitration award and also requests attorneys' fees associated with the costs of opposing Petitioner's motion to vacate the arbitration award. (Docket No. 13, Resp.'s Br. at 1).

## LEGAL STANDARD

Petitioner's motion is made pursuant to Sections 10(a)(4) and 11(b) of the Federal Arbitration Act ("FAA"). (Docket No. 2, Pet'r's Br. at 5). Section 10(a)(4) provides that a party to an arbitration may make an application to vacate an arbitration award "where the arbitrators exceed their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Section 11(b) provides the district court with the power to modify an arbitration award "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted." 9 U.S.C. § 11(b).

As the Third Circuit has interpreted the FAA, the grounds for vacatur or modification of an arbitration award are extremely narrow. "There is a strong presumption under the [FAA] in favor of enforcing arbitration awards. As such, an award is presumed valid unless it is affirmatively shown to be otherwise . . . ." *Brentwood Medical Assocs. v. United Mine Workers of Am.*, 393 F.3d 237, 241 (3d Cir. 2005); *see also Major League Umpire Ass'n v. Am. League of Professional Baseball Clubs*, 357 F.3d 272, 279-280 (3d Cir. 2004) ("Our role in reviewing the outcome of the arbitration proceedings is not to correct factual or legal errors made by an arbitrator . . . . Rather, arbitration awards enjoy a strong presumption of correctness that may be overcome

only in certain limited circumstances . . . ."); *Andorra Services, Inc. v. M/T EOS*, 2008 WL 4960449 at *2 (D.N.J. 2008) ("The scope of review is so narrow that unless 'dishonesty is alleged, an arbitrator's improvident, even silly, fact finding does not provide a basis' to set aside an award.'") (quoting *Gateway Funding v. Field*, 2008 WL 2758877 at *6 (E.D. Pa. 2008)).

## ANALYSIS

**I.**     *The Arbitrator's Award of Attorneys' Fees*

Petitioner and Respondent agree that under the Subcontract and the Rules of the American Arbitration Association ("AAA Rules"), which were in effect at the time of the arbitration (specifically, Rule 43(d)), the arbitrator could only award attorneys' fees if both parties requested attorneys' fees. (*See* Docket. No. 2, Pet'r's Br. at 4; Docket No. 13, Resp.'s Br. at 14-15). The agreement ends there: Petitioner contends that while it made a number of "*pro forma*" requests for attorneys' fees initially, it eventually withdrew its requests for attorneys' fees, and that doing so removed from the arbitrator the authority to award attorneys' fees. (Docket. No. 2, Pet'r's Br. at 1). Interpreting AAA Rule 43(d), the arbitrator found that though Petitioner withdrew its request for attorneys' fees, the fact that both parties had initially asked for attorneys' fees vested the arbitrator with the authority to award attorneys' fees, and that Petitioner's withdrawal of its request did not divest the arbitrator of that authority. (*See* Docket No. 9, Kravitz Decl. II, Ex. A at 28-29). Explaining his finding, the arbitrator remarked that if the rule operated as Petitioner contends it does, "a party could initially request an award of attorneys' fees along with the other party, only to withdraw the request at a later stage and object to any award if it were to conclude that its case were not going well." (*Id*. at 29). Respondent contends that the arbitrator interpreted AAA Rule 43(d) correctly. (Resp.'s Br. at 15.)

This dispute centers on the proper interpretation of AAA Rule 43(d). It is not the Court's role to make such an interpretation here. In the Subcontract, the parties agreed to be bound by the AAA Rules. (Docket No. 1, Kravitz Decl. I, Ex. A at 12). AAA Rule 8 grants the arbitrator the authority to interpret the AAA Rules: "The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties." Additionally, the Supreme Court has explained that interpretations of procedural issues in arbitration, such as whether a condition precedent to arbitration has been met, are for the arbitrator, not the federal courts, to make. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 at 84–85 (2002). There is no controlling precedent regarding how AAA Rule 43(d) operates when one party to an arbitration withdraws its request for attorneys' fees, thus the arbitrator's interpretation cannot be affirmatively shown to be incorrect. (*See* Pet'r's Br. at 10-11). Lastly, the arbitrator's interpretation cannot be characterized as precipitous, ill-considered, or unreasonable. Thus, Petitioner's request to vacate or modify the arbitrator's award of attorneys' fees and costs will be denied.

## II.     *The Arbitrator's Award of Interest*

Petitioner's arguments regarding the arbitrator's award of interest on the unpaid invoices is similarly unavailing. Petitioner brought a claim against Respondent for breach of contract, and Respondent brought a counterclaim against Petitioner for the same. (*See* Docket No. 9, Kravitz Decl. II, Ex. A at 1). In evaluating those claims, the arbitrator found that "DCS was entitled to timely submission and payment by Viatech of DCS's invoices for 2011 and March 2012 and that it is entitled to interest . . . on these invoices." (*See id*. at 20). Petitioner argues that the arbitrator's award of interest should be vacated for two reasons. Petitioner's first argument is, essentially, one of contract interpretation: Petitioner asserts that the Subcontract only states that Respondent would be paid when Petitioner was paid by the Government, and so Petitioner had no obligation to pay

Respondent for the invoices it had not submitted to the government. (*See* Pet'r's Br. at 11-12). Petitioner's second argument is that interest is an inappropriate remedy for this situation because, under New Jersey law,[2] interest is awarded to compensate a party whose funds have been wrongfully retained by the breaching party. (*See id.* at 12). Under this theory, because Petitioner did not have use of funds that were owed to Respondent—because Petitioner had not submitted the invoices to the Government—Respondent should not be awarded interest on those funds. (*See id.*).

Both of these arguments are overly technical and ignore established New Jersey law. As the New Jersey Supreme Court explained at great length in *Wilson v. Amerada Hess Corp.*, 168 N.J. 236 (2001), when the explicit terms of a contract give one party a measure of discretion, that discretion is nonetheless "tempered by the implied covenant of good faith and fair dealing and the reasonable expectations of the parties." 168 N.J. at 250. The contract in that case allowed Hess Corp. to set the price of gasoline that it sold to its dealers, which is similar to the situation here, where the contract's terms allowed Petitioner to control when Respondent would get paid by refusing to submit Respondent's invoices to the Government. *See id.* at 240. The New Jersey Supreme Court further explained that:

> A party exercising its right to use discretion in setting price under a contract breaches the duty of good faith and fair dealing if that party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective of preventing the other party from receiving its reasonably expected fruits under the contract. Such risks clearly would be beyond the expectations of the parties at the formation of a contract when parties reasonably intend their business relationship to be mutually beneficial. They do not reasonably intend that one party would use the powers bestowed on it to destroy unilaterally the other's expectations without legitimate purpose.

---

[2] The contract specifies that any dispute under it will be governed by New Jersey law. (Docket No. 1, Kravitz Decl. I, Ex. A at 12).

*Id*. at 251.  Though Petitioner had discretion as to when to submit Respondent's invoices to the Government, the arbitrator analyzed Petitioner's reasons for withholding those invoices, rejected them, and found that Petitioner "should be held accountable for the delays in payment which occurred."  (*See* Docket No. 9, Kravitz Decl. II, Ex. A at 20-21).  Thus, the arbitrator's decision finding that Petitioner had a contractual duty to submit Respondent's invoices in a timely manner is within the bounds of established New Jersey contract law.  It has also been long established under New Jersey law that "in practice a court should charge and allow interest in accordance with principles of equity in order to accomplish justice in each particular case."  *Small v. Schuncke*, 42 N.J. 407, 415–16 (1964).  Thus, an award of interest can be made in a much broader range of cases than Petitioner asserts.  The arbitrator's award of interest as a remedy for Petitioner's breach of its duty to submit Respondent's invoices to the Government in a timely fashion is wholly appropriate under New Jersey law, and thus Petitioner's request to vacate or modify that award will be denied.

**III.**     *Respondent's Request to Confirm the Arbitration Award and for Attorneys' Fees*

Respondent moves for this Court to confirm the arbitration award.  (Resp.'s Notice of Cross-Motion, Docket No. 13 at 1).  Because the Court is denying each ground that Petitioner provides for vacating or modifying the arbitration award, this Court will confirm the award to the extent it is necessary to do so and is warranted under 9 U.S.C. § 9.  Respondent also asks the Court to award it attorneys' fees and costs for the expenses related to opposing Petitioner's Motion under both the FAA and Rule 11 of the Federal Rules of Civil Procedure.  (Resp.'s Br. at 25-27).  Under the FAA, "fees are generally awarded if the defaulting party acted without justification." *Chauffeurs, Teamsters & Helpers, Local Union No. 765 v. Stroehmann Bros. Co.*, 625 F.2d 1092, 1094 (3d. Cir. 1980).  Similarly, the Third Circuit has held that FRCP 11 "prescribe[s] sanctions, including fees, only in the exceptional circumstance where a claim or motion is patently

unmeritorious or frivolous." *See Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (citations omitted). While this Court has ruled against Petitioner, it cannot be said that Petitioner's motion was either without justification or patently unmeritorious. Accordingly, Respondent's request for attorneys' fees and costs will be denied.

## CONCLUSION

For the reasons discussed above, Petitioner's motion will be denied; Respondent's cross-motion for confirmation of the arbitration award will be granted; and Respondent's request for attorneys' fees will be denied. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.